UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MAURO C. PALACIO,**

*Plaintiff,*

v.

**CHARLOTTE M. LUCKSTONE,**
Freedom of Information Act/Privacy Act
Officer, U.S. Marshals Service,

*Defendant.*

Case No. 22-cv-2800 (RCL)

## MEMORANDUM OPINION

Plaintiff Mauro C. Palacio, proceeding *pro se*, brings this action against defendant Charlotte M. Luckstone, a Freedom of Information Act and Privacy Act ("FOIA/PA") officer at the U.S. Marshals Service ("USMS"), for allegedly violating the Privacy Act, 5 U.S.C. § 552a, by failing to correct an error in the closing date of an arrest warrant, an error which allegedly resulted in his denial of benefits by the Department of Veterans Affairs ("VA"). Compl., ECF No. 1. Through his Complaint and subsequent motion for leave to file a supplemental pleading, Mr. Palacio seeks injunctive and monetary relief. *See* Compl. at 4; Pl.'s Mot. for Leave to File Suppl. Pleading, ECF No. 5 ("Pl.'s Mot."). Ms. Luckstone moves to dismiss for lack of subject-matter jurisdiction because, among other reasons, the USMS has confirmed that there is no error in the warrant records. Def.'s Mot. to Dismiss, ECF No. 12.

Upon consideration of the parties' filings, the applicable law, and the record, the Court will **GRANT** Ms. Luckstone's motion to dismiss, **DENY** Mr. Palacio's motion for leave to file a supplemental pleading, and **DISMISS WITHOUT PREJUDICE** the Complaint.

1

## I. BACKGROUND

On July 27, 2017, the U.S. District Court for the Western District of Texas issued a warrant for Mr. Palacio's arrest, No. 178007287126D, after he violated the terms of his supervised release imposed as a result of his earlier conviction in that court for a federal sexual offense against a minor. Warrant, Ex. B to Def.'s Mot. to Dismiss, ECF No. 12-3; Warrant, *United States v. Palacio* (RP), No. 03-cr-302 (W.D. Tex.), ECF No. 143. The next day, the USMS received the warrant and opened the associated case. Pesina Decl., Ex. A to Def.'s Mot. to Dismiss, ¶ 4. Mr. Palacio was arrested on August 1, 2017, *id.* ¶ 5, and the warrant was returned to the U.S. District Court for the Western District of Texas on August 3, 2017, *id.* ¶ 6. The associated case was purged on December 3, 2017, *id.* ¶ 7, and the warrant case was administratively closed on January 28, 2020, *id.* ¶ 9.

Starting in 2018, Mr. Palacio allegedly received several communications from the VA detailing that his benefits would be terminated, and that he would be required to repay benefits received, for the period July 27, 2017 to December 3, 2017 because the VA considered him to be a fugitive felon during that time and fugitive felons are prohibited from receiving VA benefits. *See* Ex. 1 & 2 to Pl.'s Resp., ECF No. 14-1. The VA allegedly stated that its determination of Mr. Palacio's fugitive-felon status was based on "evidence [the VA] reviewed," Ex. 2 to Pl.'s Resp., as well as information allegedly provided to the VA by the USMS via telephone, *see* Ex. 7 & 8 to Pl.'s Resp., ECF No. 14-1. In 2022, the VA allegedly expanded the benefit-denial period from July 27, 2017 until January 28, 2020, the latter date being, in the VA's view, the warrant's actual closing date. *See id.*; Ex. 9 to Pl.'s Resp., ECF No. 14-1.

In response, Mr. Palacio petitioned the U.S. District Court for the Western District of Texas to correct the closing date on warrant No. 178007287126D from January 28, 2020 to

August 3, 2017. Ex. B to Compl., ECF No. 1-1. The court denied the motion, stating that the court lacked authority to change any date on the warrant. Order, *Palacio*, ECF No. 216.

Mr. Palacio then submitted a FOIA request to the USMS asking that the agency correct the closing date of his warrant. Compl. at 4. The USMS informed Mr. Palacio that he had not filed a proper FOIA request and therefore closed out the request without any further action. Ex. A. to Compl., ECF No. 1-1.

In September 2022, Mr. Palacio filed the instant Complaint, alleging that Ms. Luckstone violated his rights under the Privacy Act by failing to correct the warrant's closing date. Compl. at 4. Mr. Palacio seeks the following relief: (1) correction of the closing date to August 3, 2017; (2) damages of $10,000 per day starting from August 4, 2017; and (3) $500 in legal fees. *Id.* In December 2022, Mr. Palacio moved for leave amend the Complaint to request additional monetary relief in the amount of $10,064.05, allegedly representing Mr. Palacio's outstanding debt to the VA. Ex. A. to Pl.'s Mot., ECF No. 5-1. In response, Ms. Luckstone moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the case is moot because the USMS has confirmed that Mr. Palacio's warrant records are correct, and that Mr. Palacio lacks standing to bring his claim. Def.'s Mot. to Dismiss, ECF No. 12, at 3–7. Mr. Palacio responded, Pl.'s Resp., ECF No. 14, and Ms. Luckstone replied, Def.'s Reply, ECF No. 15. Both motions are now ripe for review.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "[T]wo things are necessary to create [subject-matter] jurisdiction" in a district court: "The Constitution must have

given to the court the capacity to take it, and an act of Congress must have supplied it." *Micei Int'l v. Dep't of Commerce*, 613 F.3d 1147, 1151 (D.C. Cir. 2010) (citing *Mayor v. Cooper*, 73 U.S. 247, 252 (1868); U.S. Const. art. III § 1) (emphasis removed)). A plaintiff bears the burden of establishing the existence of subject-matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). If the plaintiff cannot establish both elements of subject-matter jurisdiction, the Court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")).

In assessing the case for the existence of subject-matter jurisdiction, the Court will "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Additionally, "the district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). A court must construe a *pro se* plaintiff's claims liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but a *pro se* plaintiff is not exempt from the requirements of the federal rules. *See Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

A court lacks subject-matter jurisdiction if a case becomes moot—that is, "when 'the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any effectual

relief whatever to the prevailing party.'" *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quotation marks omitted)). The party claiming mootness "bears the burden to establish that a once-live case has become moot." *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022). Another way a court might lack subject-matter jurisdiction is if a plaintiff lacks Article III standing. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). The plaintiff must establish standing by demonstrating: (1) an "injury in fact" that is (2) "fairly . . . trace[able] to the challenged action of the defendant," and (3) "redressable by a favorable decision." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations omitted).

### B. Motion for Leave to File a Supplemental Pleading

A court may permit a party to submit a supplemental pleading to, among other things, "provide the basis for additional relief." *Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (internal citation omitted); Fed. R. Civ. P. 15(d). "The decision to grant or deny leave to . . . supplement a complaint is 'within the discretion of the district court, but leave should be freely given unless there is a good reason, such as futility, to the contrary.'" *Pinson v. U.S. Dep't of Just.*, No. 18-cv-486 (RC), 2023 WL 2708815, at *3 (D.D.C. Mar. 30, 2023) (quoting *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008)). "A proposed supplement to a complaint is futile if it would not survive a motion to dismiss." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017) (internal citation omitted).

### III. DISCUSSION

Even after liberally construing Mr. Palacio's Complaint, as this Court must, *Erickson*, 551 U.S. at 94, the Court concludes that Mr. Palacio has failed to adequately allege the existence

of subject-matter jurisdiction. Accordingly, the Court has no choice but to dismiss Mr. Palacio's Complaint and deny his motion for leave to file a supplemental pleading.

### A. This Court Lacks Subject-Matter Jurisdiction

The Court must dismiss this suit because the Court lacks subject-matter jurisdiction for at least three reasons: failure to name the proper defendant, mootness, and lack of standing.

First, Ms. Luckstone is not a proper defendant for a Privacy Act claim. "[T]he law is clear that only federal agencies, not individuals, are the proper defendants for a Privacy Act cause of action." *Dick v. Holder*, 67 F. Supp. 3d 167, 176 (D.D.C. 2014); *see* 5 U.S.C. § 552a(g)(1) (stating that an "individual may bring a civil action against the *agency*") (emphasis added). "Courts, as a result, routinely dismiss these claims when they are lodged against individual defendants." *Deleon v. Wilkie*, No. 19-cv-1250 (JEB), 2020 WL 210089, at *7 (D.D.C. Jan. 14, 2020). Mr. Palacio sued Ms. Luckstone in her individual capacity, rather than the USMS. Because it is "patently obvious" that Mr. Palacio's Privacy Act claim against Ms. Luckstone "cannot prevail," the Court is well within its authority to dismiss the Complaint on this basis alone. *See Abdelfattah v. DHS*, 787 F.3d 524, 533 n.4 (D.C. Cir. 2015) (internal citation omitted). Mr. Palacio nevertheless contends that Ms. Luckstone is a proper defendant because he "requested a response from [her]." Pl.'s Resp. at 4–5. But Mr. Palacio's personal preference for communication from this defendant does not supersede Congress's clear jurisdictional mandate.

Second, this case is moot. As Ms. Luckstone identifies, there is no live controversy because the USMS has confirmed that the records for warrant No. 178007287126D do not contain any inaccuracies, and therefore there is nothing to correct. Def.'s Mot. at 7. According to a declaration from Deputy U.S. Marshal Yolanda Pesina, the case associated with Mr. Palacio's warrant was no longer active after 2017 and was simply administratively closed in 2020. Pesina

Decl. ¶¶ 7–9. Mr. Palacio claims that he "is not satisfied" with this evidence. Pl.'s Resp. at 1. He appears to offer records from his correspondence with the VA as an attempt to rebut the declaration. *See generally* Ex. 1–9 to Pl.'s Resp., ECF No. 14-1. However, those records do not materially dispute the declaration's contents. Moreover, the VA records offered by Mr. Palacio corroborate the declaration. *See, e.g.*, Ex. 1 to Pl.'s Resp. (noting that Mr. Palacio's warrant was "cleared" on December 3, 2017, which is consistent with Pesina Decl. ¶ 7). Ms. Luckstone clearly meets her burden to demonstrate that this case is moot.

Third and finally, Mr. Palacio lacks standing. As discussed above, the USMS confirmed that Mr. Palacio's warrant records are accurate, thus he lacks injury-in-fact for his Privacy Act claim. Def.'s Mot. at 3–4. Construing the Complaint liberally, Mr. Palacio appears to allege an injury in the form of termination of VA benefits and subsequent creation of a debt to the VA. Compl. at 4; Pl.'s Resp. at 2. Even if this were a cognizable injury in this case, which it is not, that injury would not be fairly traceable to this defendant. Ms. Luckstone, a FOIA/PA officer within the USMS, was not responsible for the VA's decision to terminate Mr. Palacio's benefits. And similarly, Ms. Luckstone is not capable of redressing Mr. Palacio's benefit-denial injury. Potential inaccuracies in the VA's evidence, and the subsequent denial of benefits and debt accrual on that basis, are matters that Mr. Palacio must take up with VA, not Ms. Luckstone.

In sum, the Court lacks subject-matter jurisdiction over this case because Ms. Luckstone is not a proper defendant, the case is moot, and Mr. Palacio lacks standing.

### B. The Court Will Deny Plaintiff's Motion for Leave to File a Supplemental Complaint

Mr. Palacio moves for leave to amend the Complaint to request additional monetary relief. *See* Pl.'s Mot. Because that motion relies on the same basis of subject-matter jurisdiction as the original Complaint, and because the Complaint does not survive a motion to dismiss,

granting leave to file a supplemental Complaint would be futile. *Lannan Found.*, 300 F. Supp. 3d at 12. Therefore, the Court will deny Mr. Palacio's motion.

## IV. CONCLUSION

For the above-mentioned reasons, this Court will **GRANT** Ms. Luckstone's motion to dismiss, **DENY** Mr. Palacio's motion for leave to file a supplemental pleading, and **DISMISS WITHOUT PREJUDICE** the Complaint. A separate order shall issue.

SIGNED this ___11th___ day of July, 2023.

Royce C. Lamberth
United States District Judge